UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES H. BAQLEH,

Plaintiff,

v.

CITY OF LAKEPORT, et al.,

Defendants.

Case No. 26-cv-01812-HSG

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Re: Dkt. No. 24

Pending before the court is Plaintiff's motion to appoint counsel. Dkt. No. 24. The Court **DENIES** the motion.

Plaintiff filed this case in March 2026, alleging that Defendants City of Lakeport and Lakeport Police Department violated his Fourth and Fourteenth Amendment rights in two interactions that took place in September 2024. Dkt. No. 1 ("Compl.") ¶¶ 10–24. Plaintiff brings his case *pro se* and *in forma pauperis*. Dkt. No. 4. In his motion, Plaintiff asks the Court to refer his case to the Federal Pro Bono project for appointment of pro bono counsel. Dkt. No. 24 at 2.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

United States District Court
Northern District of California

Plaintiff represents that he contacted multiple attorneys regarding his case, but they either declined to represent him or he cannot afford their hourly rate. *Id.* at 4. He also contends that his case presents issues that are "legally complex and require careful analysis of constitutional law," and that he is "not trained" to evaluate them "without assistance." *Id.* at 5. At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear. Plaintiff has so far navigated filing a complaint, *see* Compl., filing a case management conference statement, *see* Dkt. No. 15, and participating in an initial ADR conference, *see* Dkt. No. 25. Instead of moving to dismiss, Defendant filed an answer. Dkt. No. 14. The Court finds that Plaintiff has proven capable of articulating his claims and engaging in litigation. *See* Dkt. Nos. 14, 15, 25. Plaintiff's request for appointment of counsel is therefore **DENIED** for lack of exceptional circumstances.

**IT IS SO ORDERED.**

Dated: 7/28/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California