United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES H. BAQLEH,
Plaintiff,
v.
JUAN ALTAMIRANO,
Defendant.

Case No. 26-cv-01812-HSG

**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER TO PERMIT LIMITED AI-ASSISTED REVIEW OF BODY-WORN CAMERA EVIDENCE**

Re: Dkt. No. 32

Before the Court is Plaintiff's Motion to Modify Protective Order to Permit Limited Artificial Intelligence ("AI")-Assisted Review of Body-Worn Camera ("BWC") evidence. ("Mot.") Dkt. No 32. For the reasons explained below, the Court **DENIES** the Motion.

## I. BACKGROUND

This case stems from Plaintiff's arrest on September 20, 2024. Dkt. No 46 at 3. In June 2026, the Parties stipulated to a Protective Order ("PO") that mirrored the Court's model protective order, which the Court granted. Dkt. Nos. 17, 28. Plaintiff now moves the Court to modify the PO to allow Plaintiff to use ChatGPT to review body-worn camera footage Defendant produced in discovery and marked as "CONFIDENTIAL." Mot. at 1-2. Plaintiff seeks to use ChatGPT to create timestamps, prepare a chronology, transcribe the video, and identify events within the video for purposes of discovery, motion practice, settlement, and trial preparation, but says he will not prepare analysis to use as admissible evidence. Mot. at 2. Defendant submitted his Opposition, and Plaintiff replied. Dkt. Nos. 38, 39. In Plaintiff's Reply, Plaintiff narrowed his request, which now seeks AI-assisted review through a "business or private AI service" with "safeguards required by the Court." Dkt. No. 39 at 2.

## II. LEGAL STANDARD

District courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002). The Court also retains inherent authority to modify or lift protective orders that it has entered where 'good cause' is shown. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir.1992); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citation omitted). A party asserting good cause "bears the burden to show that specific prejudice or harm will result if the motion is not granted." *Phillips,* 307 F.3d at 1211. The Ninth Circuit has found that protective orders covering confidential information entail a balancing test of the "conflicting interests" between the protections of Rule 26(c) and the broad mandate of the admissibility of information in discovery conferred by Rule 26(b)(1) of the Federal Rules of Civil Procedure. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992), *cert. denied*, 506 U.S. 869 (1992); *see also CBS Interactive,* 257 F.R.D. at 204-205.

Under Rule 26(b), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

## III. DISCUSSION

Some courts have recently permitted the use of AI-assisted review when parties have agreed to use AI during discovery to analyze large quantities of data. *See Schulte v. LinkedIn Corp.*, No. 22-CV-00237-HSG (LB), 2026 WL 1905851 (N.D. Cal. July 1, 2026); *James v. Cerebras Sys. Inc.,* No. 4:25-CV-09361-AMO, 2026 WL 1962840 (N.D. Cal. July 7, 2026). In this instance however, Plaintiff is not seeking to use AI for that purpose. Instead, Plaintiff asks the Court to permit disclosure of confidential information to a third-party within the structure of the existing PO. Dkt. No. 39 at 5.

The current PO provides that "unless otherwise ordered by the court or permitted in writing by the Designating Party," confidential information may only be disclosed to certain identified recipients. Dkt. No. 17 at ¶ 7.2. Given that Plaintiff does not challenge the confidential designation of the evidence, the Court infers that he is asking for permission under ¶ 7.2 of the PO

United States District Court
Northern District of California

to disclose confidential information to a third party, ChatGPT. Mot. at 4.

Plaintiff has not demonstrated good cause for the requested relief. A good cause analysis under Federal Rule of Civil Procedure 26(c) entails a "balancing of the needs for discovery against the need for confidentiality." *CBS Interactive, Inc.,* 257 F.R.D. at 205. Plaintiff believes the Court should permit him to use ChatGPT to review confidential evidence because he is *pro se* and does not have support "reviewing and organizing audiovisual discovery." Mot. at 9. Defendant responds that Plaintiff does not need AI assistance because the BWC video evidence is only 30 minutes long, and Plaintiff does not contest this representation about the length of the footage. Dkt. No. 38 at 2. Defendant argues that, aside from being unnecessary, there is substantial risk in using a public large-language model platform to process confidential information. Dkt. No. 38 at 3. Defendant represents that uploading confidential evidence to ChatGPT risks disclosure of information such as non-party criminal history, parole status, probation status, drug use, police investigations, and driver's license numbers, all of which Plaintiff acknowledges to be "sensitive information." Dkt. No. 38 at 3-4; Dkt. No. 39 at 4.

The Court finds that the balance of conflicting interests weighs in favor of Defendant's position. It is not disputed that exposing confidential information to ChatGPT creates at least some risks with respect to how that information will be used and safeguarded. *See* Dkt. No. 38 at 3. While Plaintiff proposes several potential safeguards to prevent disclosure of the information Defendant identifies, he does not cite anything confirming the availability or reliability of those safeguards. Mot. at 7-8. So, there would need to be some substantial offsetting benefit that outweighs these risks, but Plaintiff has not shown that specific harm will result if his motion is not granted. Reviewing a 30-minute video for the purposes Plaintiff says he would use ChatGPT for is not an overbearing task that disadvantages a *pro se* party. For example, to the extent Plaintiff wants to create a chronology of the video, he can easily do so by taking handwritten notes. The Court thus denies Plaintiff's request to use ChatGPT to review the confidential BWC evidence.[1]

---

[1] Plaintiff's Reply appears to narrow his request by asking for "AI-assisted review through a business or private AI service" where he can show that safeguards exist. Dkt. No. 39 at 2. Plaintiff's new formulation does not change the Court's analysis, because the balance between (some) risks and (essentially no) benefits remains unchanged. Plaintiff also requests in the

## IV. CONCLUSION

Because Plaintiff has not shown that good cause supports his request, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 10/28/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

alternative for the Court to modify the PO using the framework outlined in *Morgan v. V2X, Inc.*, 2026 WL 864223 (D. Colo. Mar. 30, 2026), to accommodate Plaintiff's request to use AI to review the video footage. Dkt. 39 at 6. The Court declines in its discretion to do so for the reasons it has already explained.